UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ANGELA NETTLES,<br><br>     Plaintiff,<br> vs.<br><br>HILTON WORLDWIDE, INC., a business corporation incorporated in the State of Delaware; RIVER GREENWAY HOSPITALITY, LLC d/b/a/ HILTON GARDEN INN, a limited liability company in the State of South Dakota; MAIN AND MAIN, L.L.C., a limited liability company in the State of South Dakota; DOES 1 through 10; ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30,<br><br>     Defendants,<br><br> and<br><br>MAIN AND MAIN, L.L.C., a limited liability company in the State of South Dakota; HILTON WORLDWIDE, INC., a business corporation incorporated in the State of Delaware; RIVER GREENWAY HOSPITALITY, LLC d/b/a/ HILTON GARDEN INN, a limited liability company in the State of South Dakota,<br><br>     Cross-Claimants,<br><br>vs.<br><br>LLOYD CONSTRUCTION COMPANY, a business corporation in the State of South Dakota;<br><br>     Cross-Defendant and<br>     Third-Party Plaintiff | **4:18-CV-4102-LLP**<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE TO ADD PARTY AND AMEND CAPTION** |

1

|                                                                                                              |   |
| ------------------------------------------------------------------------------------------------------------ | - |
| vs.<br><br>HEARTLAND GLASS COMPANY, LLC, a business corporation in the State of South Dakota,<br><br>Third-Party Defendant. |   |

Pending before the Court is Plaintiff Angela Nettles's ("Plaintiff") Motion for Leave to Add Party and Amend Caption. Doc. 52. For the following reasons, Plaintiff's Motion is denied.

## BACKGROUND

This lawsuit stems from injuries Plaintiff allegedly suffered on August 28, 2015, during her stay at the Hilton Garden Inn Sioux Falls when a glass barn-style door separating the master bedroom from the living room separated from a sliding rod and fell forward, pulling Plaintiff to the ground and shattering into pieces. Doc. 1, ¶¶ 5, 6.

Plaintiff's initial complaint was filed on August 20, 2018, and named the following defendants: 1) Hilton Worldwide, Inc. ("Hilton Worldwide") which was described as the parent corporation of Hilton Garden Inn and the entity that owns and controls the Hilton Garden Inn Sioux Falls, South Dakota; 2) River Greenway Hospitality, LLC ("River Greenway") d/b/a Hilton Garden Inn; 3) Main and Main, L.L.C. ("Main and Main"), the property management for the Hilton Garden Inn Sioux Falls, South Dakota, 201 E. 8th Street; 4) DOES 1 through 10, ROE Corporations 11 through 20, and ABC Limited Liability Companies 21 through 30. Doc. 1. In the initial complaint, Plaintiff alleged that "Defendants were negligent in the selection, placement, installation, maintenance, and management of the sliding glass barn door in the hotel room. The sliding glass barn door was a dangerous condition which Defendants should have remedied and/or warned Plaintiff of prior to Plaintiff's injury . . . Defendants failed to exercise due care in the maintenance of the hotel room and keeping the hotel room in a reasonably safe condition." Doc. 1, ¶ 8.

On March 1, 2019, the parties filed a Stipulation to Amend Plaintiff's Complaint and Amend Case Caption, seeking to add Lloyd Construction as a defendant which was granted by the

Court.  Docs. 15, 16.  On April 9, 2019, Plaintiff filed a notice of voluntary dismissal of her claims against Lloyd Construction.  Doc. 26.

On April 2, 2019, Defendants Hilton Worldwide, River Greenway, and Main and Main filed a cross-claim against Lloyd Construction alleging that it constructed the Hilton Garden Inn at issue in this matter and that if these defendants are adjudged to be liable, liability would arise from Lloyd Construction's construction of the Hilton Garden Inn.  Doc. 22, ¶¶ 5, 7.  In Lloyd Construction's Answer to the Cross-Claim, Lloyd Construction admitted that it served as the general contractor for the construction of the Hilton Garden Inn, but denied that it personally supplied or installed the glass door at issue in this case.  Doc. 27, ¶ 5.

On November 25, 2019, Lloyd Construction filed a Motion for Leave to Add Party, Amend Answer to Crossclaim, and Amend Caption to add Heartland Glass Company, LLC, as a cross-defendant.  Doc. 35.  In the proposed Amended Answer, Lloyd Construction alleges that should it be determined to be liable to Plaintiff, its liability arises only from the primary acts and omissions of Heartland Glass.  Doc. 35-1.  On January 2, 2020, the parties stipulated to Lloyd Construction's Motion, Doc. 37, and the Motion was granted by Order of the Court, Doc. 38.  In Heartland's Answer to Lloyd Construction's Cross-Claim, it asserts a Counterclaim, alleging that should Heartland be determined to be liable to the Plaintiff, its liability arises only from the acts and omissions of Lloyd Construction Company in the construction of the Hilton Garden Inn.  Doc. 45.

On September 15, 2020, Plaintiff filed a second[1] Motion for Leave to Amend Pleadings to add Lloyd Construction as a defendant which is presently pending before the Court.  Doc. 52.  Plaintiff states that her expert has revealed that the installer of the glass barn door at issue was negligent in failing to recognize the danger presented by the design and installation method of the door.  Doc. 53 at 4.  Plaintiff states that Lloyd Construction's potential liability to Plaintiff is based on its association with the installation of the glass barn-style door that caused Plaintiff's injuries.  Doc. 53 at 4.  Lloyd Construction, in its capacity as Cross-Defendant and Third-Party Plaintiff, has filed an opposition to Plaintiff's Motion to Amend.  Doc. 54.

---

[1] Earlier in the course of litigation, the parties had, after the expiration of the statute of limitations, stipulated to the addition of Lloyd Construction as a defendant.  However, Plaintiff had moved for voluntary dismissal of Lloyd Construction as a defendant which was granted by the Court on April 9, 2019.

**STANDARD OF REVIEW**

A timely[2] motion to amend a party's pleadings is ordinarily governed by Rule 15 of the Federal Rules of Civil Procedure. When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure, amendment is allowed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave to amend the complaint it typically freely given, whether to permit amendment of the complaint or addition of parties is committed to the court's discretion. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)); *see* Fed. R. Civ. P. 15(a)(2).

A court may deny a motion for leave to amend if there has been undue delay, bad faith, or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). A proposed amendment to a pleading may be denied as "futile" if it could not withstand a Rule 12(b)(6) motion to dismiss. *Cornelia I. Crosswell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). A limitations defense may be asserted in a motion to dismiss "when it appears from the face of the complaint[3] itself that the limitation period has run." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (internal quotations and citation omitted); *see also Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (holding that the proposed amendment was futile because even if amended, the proposed claim would still be time-barred). In determining whether a statute of limitations defense is apparent on the face of the complaint, a court is limited to the materials properly before it on a motion to dismiss, which, in addition to the complaint, may include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Miller v. Redwood*

---

[2] Plaintiff's Motion to Amend complaint is timely as it was filed on September 15, 2020—within the deadline provided by this Court's Amended Rule 16 Scheduling Order, Doc. 52.

[3] Statutes of limitation provide an affirmative defense that may be either asserted or waived, and if asserted, must be proved by the defendant. *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) ("Bar by a statute of limitation is typically an affirmative defense, which the defendant must plead and prove."); Fed. R. Civ. P. 12(h)(1). Thus, as a general rule, a plaintiff has no duty to anticipate affirmative defenses and is thus not ordinarily required to plead avoidance of a limitation bar. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009) ("[A] plaintiff need not plead facts responsive to an affirmative defense before it is raised.").

*Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357 (3d ed. 2004)); *see Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982-83 (8th Cir. 2008) ("Although our cases require the defense to be apparent on the face of the complaint, this means simply that the district court is limited to the material properly before it on a motion to dismiss. . . ."). In addition, a court must accept all well-pleaded factual allegations in the complaint as true and draw all inferences in favor of the nonmovant. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

## DISCUSSION

As a federal court sitting in diversity, the court will apply the substantive law of the forum state, including the state statutes of limitations. *Paracelsus Health Corp. v. Philips Med. Sys.*, 384 F.3d 492, 495 (8th Cir. 2004). Looking at the proposed Amended Complaint, Plaintiff's personal injury claim against Lloyd Construction accrued on August 20, 2018—the day she allegedly sustained injuries from the accident involving the glass barn-style door. *Shippen v. Parrott*, 506 N.W.2d 82, 85-86 (S.D. 1993) (stating that under South Dakota law, a cause of action for a personal injury claim accrues when the offense occurred, not when the offense is discovered); *Koenig v. Lambert*, 527 N.W.2d 903, 905 (S.D. 1995) (concluding that under SDCL 15-2-14, "the three year period starts to run from the last occurrence of tortious conduct, rather than three years from the discovery of harm"). Plaintiff does not appear to dispute that she had three years from this date to file her cause of action. *See* SDCL 15-2-4 (stating that an action for personal injury can be commenced only within three years after a cause of action accrued).

The original complaint in this matter, which did not include Lloyd Construction as a defendant, was filed on August 20, 2018—just 8 days before the three-year statute of limitations ran for a personal injury case in South Dakota. Plaintiffs' Motion to Amend to add a personal injury claim against Lloyd Construction was not filed until September 15, 2020—well after the statute of limitations governing this claim had expired. Accordingly, unless the claims against Lloyd Construction in the proposed amended complaint relate back to August 20, 2018, when the initial complaint was filed in this case, Plaintiff's claims against Lloyd Construction are time-barred.

5

### A.     SDCL 15-6-9(h)

In its opposition to Plaintiff's Motion to Amend, Lloyd Construction argues that Plaintiff is attempting to substitute it as a party for the fictitious defendants named in Plaintiff's original complaint and that under South Dakota law, such claim does not relate back to the filing of the initial complaint. In *Moore v. Micheline Tire Co.*, 603 N.W.2d 513 (S.D. 1999), the South Dakota Supreme Court held, as a matter of first impression, that the naming of a fictitious defendant does not toll the statute of limitations. In *Moore*, the plaintiff argued that SDCL 15-6-9(h) tolled the statute of limitations. SDCL 15-6-9(h) provides:

> When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action shall be amended by substituting the true name.

The court in *Moore* cited with approval *Leon v. Washington* County, 397 N.W.2d 867, 879 (Minn. 1986). In *Leon*, the Minnesota Supreme Court examined a state statute similar to that of SDCL 15-6-9(h) and concluded that it did not toll the statute of limitations. 397 N.W.2d at 870. The court reasoned that the rule "says nothing about any 'relation back' effect," and that "it served one simple purpose: to provide notice to the named defendants that the complaint would be amended." *Id.* The *Moore* court also discussed *Thomas v. Process Equip. Corp.*, 397 N.W.2d 224, 226 (Mich. App. Ct. 1986). *Moore*, 603 N.W.2d at 521-22. In *Thomas*, the Michigan Court of Appeals stated that "for all practical purposes all defendants specifically unnamed are not yet parties to a suit and, if added later, are considered new parties to the litigation. Therefore, amendments to a complaint that add new parties do not relate back." *Thomas*, 397 N.W.2d at 226. The court in *Moore* found that as with the statute in *Leon*, SDCL 15-6-9(h) was silent on the issue of relation back and concluded that the South Dakota Legislature had no intention of relation back of claims against defendants substituted for previously named fictitious parties. *Moore*, 603 N.W.2d at 523. The court stated that to hold otherwise would allow the absence of notice to continue indefinitely beyond the terms of the statute of limitations. *Id.*

### B.     SDCL 15-6-15(c)

However, just because a plaintiff seeks to amend a complaint that names fictitious parties as defendants does not preclude relation back; it just means that all conditions in Rule 15(c) must be met before relation back is allowed. *See Moore*, 603 N.W.2d at 520 (noting that federal courts

6

allowing the pleading of fictitious parties require all conditions in Rule 15(c) to be met before relation back is allowed). Under SDCL 15-6-15(c), a claim may relate back provided that certain circumstances have been met. Specifically, SDLC 15-6-15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:
>
> (1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and
> (2) Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

SDCL 15-6-15(c). Thus, SDCL 15-6-15(c) may be used to amend a complaint to name a defendant not previously named if the following three prongs are satisfied: 1) the claim arose out of the conduct, transaction, or occurrence set forth in the original pleading; and within the statute of limitations, the party brought in by amendment: 2) has received notice of the institution of the action and will not be prejudiced in maintaining his defense on the merits; and 3) knew or should have known, that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. *See* SDCL 15-6-15(c). Federal Courts have stated that "[s]ince the purpose of Rule 15(c) is to permit cases to be decided on their merits, it has been liberally construed." *See, e.g.*, *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996).

### 1. Same transaction or occurrence

The Court concludes that the proposed claim against Lloyd Construction meets the first prong of the relation-back test because it clearly arises out of the "conduct, transaction, or occurrence" set forth in the original pleading. SDCL 15-6-15(c). In the proposed amended complaint, Lloyd Construction's alleged liability is based on the same general factual allegations and causes of action asserted by Plaintiffs against Defendants in the original complaint. *See Waterman v. Morningside Manor*, 839 N.W.2d 567, 572 (S.D. 2013) ("[A] court must look to the conduct, transaction, or occurrence between the parties upon which the plaintiff attempted to enforce her claim and determine if the amendment shows the same general factual allegation as that alleged in the original petition.").

### 2. Notice & prejudice

#### a. *Notice prior to expiration of statute of limitations*

Plaintiff states that Lloyd Construction received notice when Lloyd Construction was added, by stipulation of the parties, as a defendant in an Amended Complaint filed on March 14, 2019. Doc. 53 at 4. In addition, Plaintiff argues that Lloyd Construction will not be prejudiced by having to defend action these claims because it is already a defendant in this case based on the same theory through a cross-claim brought by Defendants Hilton Worldwide, River Greenway, and Main and Main. Doc. 53 at 5. The Court agrees that Lloyd Construction will not likely be unduly prejudiced by the amendment. However, SDCL 15-6-15(c) also requires that notice be given prior to the expiration of the statute of limitations. *See Waterman v. Morningside Manor*, 839 N.W.2d 567, 572 (S.D. 2013) (acknowledging that notice and prejudice are separate questions).

SDCL 15-6-15(c) was adopted on March 29, 1966, and is patterned on an earlier version of the Federal Rules of Civil Procedure 15(c). *See Moore v. Michelin Tire Co.*, 603 N.W.2d 513, 520 (S.D. 1999) (stating that SDCL 15-6-15(c) was first adopted in 1966). Although federal court decisions analyzing Federal Rule of Civil Procedure 15(c) are not binding, they provide guidance in the Court's application an interpretation of SDCL 15-6-15(c). *See Sander v. Geib, Elston, Frost Prof'l Ass'n*, 506 N.W.2d 107, 122-23 (S.D. 1993); *see also Abdulrazzak v. Bd. of Pardons & Paroles*, 940 N.W.2d 672, 681 n.6 (S.D. 2020) (Salter, J., dissenting) (citing *Nooney v. StubHub, Inc.*, 873 N.W.2d 497, 499 n.1 (S.D. 2015)). The 1966 Amendment to Federal Rules of Civil Procedure Rule 15(c) was identical to the current SDCL 15-6-15(c), and provided, in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Schiavone v. Fortune*, 477 U.S. 21, 24 n.5 (1986) (quoting Fed. R. Civ. P. 15(c) (1966)). As originally drafted in 1966, Federal Rules of Civil Procedure 15(c), specifically provided that the notice to the party to be added must have been received "within the period provided by law for commencing the action." 6A Arthur R. Miller, Mary Kay Kame, and A. Benjamin Spencer, *Federal Practice and Procedure* § 1498.1 (3d ed. 2020). The meaning of that qualification had been in dispute until the Supreme Court issued its decision in *Schiavone v. Fortune*, 477 U.S. 21 (1986). Prior to *Schiavone*, most courts had ruled that notice had to be received before the statute of limitations had run. 6A Miller et al., § 1498.1. Other courts, however, had concluded that the rule was satisfied as long as the action was filed within the statutory period and notice was accomplished within the time allowed for service of process. *Id.* The *Schiavone* Court accorded significant weight to Advisory Committee' 1966 Note and followed the more "technical" interpretation of the Rule and held that the phrase "within the period provided by law for commencing the action" meant that notice must been received "within the application limitations period." *Schiavone*, 477 U.S. at 30-31.

In 1991, Rule 15(c) was amended to change the result under the *Schiavone* case with respect to relation back and a misnamed defendant. Fed. R. Civ. P. 15(c) advisory committee's note to 1991 amendment. As now set forth in paragraph (c)(1)(C), if the party to be added received notice of the institution of the action within the period provided for serving the summons and complaint under Rule 4(m), then relation back is proper if the court finds that the other requirements of the rule are met. 6A Miller et al., *supra*, § 1498.1; Fed. R. Civ. P. 15(c)(1)(C). Thus, the notice required under the rule no longer is tied to the governing limitations period, but is linked to the federal service period of 90 days or any additional time resulting from a court-ordered extension. 6A Miller et al., *supra*, § 1498.1.

Unlike Rule 15(c) of the Federal Rules of Civil Procedure, SDCL 15-6-15(c) was not amended to extend the notice period and since 1991, the South Dakota Supreme Court has affirmed that notice must be received within the limitations period. *See Moore v. Michelin Tire Co.*, 603 N.W.2d 513, 520-21 (S.D. 1999); *Hedel-Ostrowski v. City of Spearfish*, 679 N.W.2d 491, 495 (S.D. 2004) (noting that the newly named defendant admitted he had notice of the suit before the statute of limitations had run). Other states, interpreting similar state statutes have likewise concluded that notice must be received by the newly named defendant before the statute of

limitations has expired. *See, e.g., Gallagher v. Best Western Cottontree Inn*, 388 P.3d 57, 59 (Idaho 2017) (concluding that the statute required notice within the limitations period); *McLain v. Maletis Beverage*, 115 P.3d 938, 939-40 (Or. 2005) (same); *Grant v. Cedar Falls Oil Co.*, 480 N.W.2d 863, 866 (Iowa 1992) ("Although the federal rule 15(c) has now been changed to allow relation back of the substituted party who has been notified of the action within the maximum time for service of process with respect to the original complaint, we believe that the holding in *Schiavone* expresses the proper interpretation of the federal rule as it then existed and, inferentially, of the identical language contained in our rule 89."). Moreover, that South Dakota law requires notice to be received by the expiration of the statute of limitations rather than the time for service of process makes sense because unlike in federal court, in South Dakota state court, the filing of the complaint does not toll the statute of limitations, and service of process cannot thus be effected after the statute of limitations has expired. *See Marshall v. Warwick*, 155 F.3d 1027 (8th Cir. 1998) ("In South Dakota, service of the summons, or the summons and the complaint is required to commence a lawsuit and toll the running of the applicable statute of limitations.").

Courts interpreting Rule 15(c) of the Federal Rule of Civil Procedure state that notice may be either actual or constructive. *See, e.g. Kruspski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010) (noting the district court's findings, which had not been challenged on appeal, that the defendant had received "constructive notice" of plaintiff's complaint); *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 12 (1st Cir. 1990) (allowing for relation back if the named defendant and the party that the plaintiff intended to sue have an "identity of interest" and the other requirements of Rule 15(c) have been met); *Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986) ("It is enough that the new defendants received constructive notice of the suit."); *Kirk v. Ronvich*, 629 F.2d 404, 407 (5th Cir. 1980) ("[W]e do not believe that actual notice is required under Rule 15(c)."); *Looney v. Chesapeake Energy Corp.*, Civ. No. 15-2108, 2016 WL 3525741, at *9 (W.D. Ark. Feb. 9, 2016); *Asarco LLC v. Nl Indust., Inc.*, 106 F. Supp. 3d 1015, 1035 (E.D. Mo. 2015) ("The pertinent question is whether or not the new party, when viewed from the standpoint of a reasonably prudent person, should have expected that the original pleading might be altered or called into question."). "Underlying the rule is the view that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" *Waterman v. Morningside Manor*, 839 N.W.2d 567, 572 (S.D. 2013) (citing *Senger v. Soo Line R.R. Co.*, 493 F.Supp. 143, 145 (D. Minn. 1980) (citing 6A Charles Alan Wright et al.,

10

*Federal Practice and Procedure*, § 1497)). Thus, when the opposing party, standing in the place of a reasonably prudent person, should have been able to anticipate or should have expected that aspects of the occurrence set forth in the original pleading would be called into question, that party should not have the protection of the statute of limitations. *Id.*; *see also Benson v. Wells Fargo Bank, N.A.*, Civ. No. 16-5061, 2017 WL 2772119, at *11 (D.S.D. Jun. 26, 2017) (J. Viken) (quoting 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 1497 (2010)).

Neither party has addressed whether Lloyd Construction had actual or constructive notice of these claims prior to the expiration of the statute of limitations.[4] The Court cannot state that on the basis of the proposed amended complaint that Defendant has not satisfied the notice requirement.

### 3. Mistake

The Court has already determined that the claim against Lloyd Construction arises from the same conduct, transaction, or occurrence. Additionally, the Court has stated that it is unable to determine as a matter of law, from the face of the complaint, that the notice requirement has not been met. However, in order for Plaintiff's claim against Lloyd Construction to relate back, all three conditions of SDCL 15-6-15(c) must be satisfied. Thus, relation back will be denied if the Court determines as a matter of law that Lloyd Construction did not know or should not have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. *See* SDCL 15-6-15(c).

---

[4] Federal courts have found sufficient constructive notice for Rule 15(c) purposes in four distinct factual settings. *Asarco LLC v. Nl Indus., Inc.*, 106 F. Supp. 3d 1015, 1035 n.11 (E.D. Mo. 2015); *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 129-30 (D.R.I. 2004). First, there may be constructive notice if an authorized employee does not reject a summons naming a non-existent party. Second, there may constructive notice if the original complaint alleges that the new defendant committed the alleged acts and is an official of one of the original defendants. Third, a new defendant may have constructive notice if he or she retains the same attorney as an original defendant and that attorney should have known that the new defendant would be added to the existing lawsuit. *Id.* Fourth, a court may find constructive notice if the original and newly named defendants share an "identity of interests." *Id.*; *see also Heil v. Belle Starr Saloon & Casino, Inc.*, Civ. No. 09-5074, 2011 WL 13353217, at *12 (D.S.D. Aug. 12, 2011) (J. Duffy). The "identity of interests" test only applies if the original and newly-named defendants are "so closely related in business or other activities and their interests are sufficiently aligned that it is fair to presume that the new defendants learned of the institution of the action from the original defendants." *Id.*; *see also Heil*, 2011 WL 13353217, at *12 (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 1499 (2010)).

In *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), the United States Supreme Court analyzed this third prong of Federal Rule 15(c). In *Krupski*, the plaintiff sought compensation for injuries she suffered on a cruise ship. *Id.* at 542. The plaintiff sued the entity, Costa Cruise, who had issued her passenger ticket even though the ticket identified a separate entity, Costa Crociere, as the carrier and the entity that must be provided written notice of the claim. *Id.* The district court allowed the plaintiff to amend her claim to add Costa Crociere as a defendant after the statute of limitations had passed. *Id.* at 544. Costa Crociere then moved to dismiss, contending that the amended complaint did not relate back under Rule 15(c) and was therefore untimely. *Id.* at 544-45. The district court granted Costa Crociere's motion to dismiss on the basis that the plaintiff's failure to name as a defendant a party whose identity the plaintiff knew before the statute of limitations had run was not a "mistake" for relation-back purposes. *Id.* at 545-46. The district court also stated that the plaintiff's several month delay in moving to amend after being informed by Costa Cruise in its answer, corporate disclosure statement, and motion for summary judgment, bolstered its conclusion that plaintiff was aware of the proper defendant and had made no mistake. *Id.*

The Eleventh Circuit affirmed on appeal. *Id.* Rather than rely on the information contained in Costa Cruise's filings, all of which were made after the statute of limitations had expired, as evidence that the plaintiff did not make a mistake, the Court of Appeals relied on the information contained in the plaintiff's passenger ticket which had been furnished to her counsel before the end of the limitations period. *Id.* at 546. The Court of Appeals concluded that because the ticket clearly identified Costa Crociere as the carrier, the court stated that the plaintiff either knew or should have known of Costa Crociere's identity as a potential party. *Id.* In the alternative, the court stated that even if the plaintiff had learned of Costa Crociere's identity as the correct party from Costa Cruise's answer, the Court of Appeals observed that the plaintiff had waited 133 days from the time she filed her original complaint to seek leave to amend, and in light of this delay, concluded that the district court did not abuse its discretion in denying relation back. *Id.* at 546.

On appeal before the United States Supreme Court, the Court criticized the Eleventh Circuit's focus on the plaintiff's knowledge, stating that "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been

12

named as a defendant but for an error." *Id.* at 548. The Court stated that "[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.*

The Supreme Court in *Krupski* stated that "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.* The Court defined a mistake as "[a]n error, misconception, or misunderstanding; an erroneous belief." *Id.* at 548-59 (quoting Black's Law Dictionary 1092 (9th ed. 2009)). The Court explained:

> That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties.
>
> . . .
>
> We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning another party's identity. We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue.
>
> . . .
>
> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But respose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

*Id.* at 550-51. Examining the Plaintiff's complaint, the Court found that it "plainly" indicated that the plaintiff misunderstood crucial facts regarding the two companies' identities and what entity was in charge of the ship. *Id.* at 555. The Court noted that the complaint made clear that the plaintiff meant to sue the company that "owned, operated, managed, supervised and controlled" the ship on which she was injured and also indicated (mistakenly) that Costa Crociere performed those roles. *Id.* In addition, the Court noted that Costa Crociere could not articulate any trial

13

strategy that it believed the plaintiff to be pursuing in suing a defendant (Costa Cruise) that was legally unable to provide relief.  *Id.*

The Court in *Krupski* also held that the fact that the plaintiff waited 133 days from the time she filed her original complaint to seek leave to amend had no bearing on whether the amended complaint related back.  *Id.* at 546, 553.  The Court stated that while a court may consider "undue delay" or "dilatory motive" in deciding whether to grant leave to amend under Rule 15(a), Rule 15(c) makes clear, that "the speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back."  *Id.* at 553.

Although *Krupski* did not involve a plaintiff suing fictitious defendants, in *Heglund v. Aitkin Cty.*, 871 F.3d 572 (8th Cir. 2017), the Eighth Circuit Court of Appeals examined *Krupski* in a case involving fictitious defendants.  In *Heglund*, the plaintiff brought a lawsuit against hundreds of John and Jane Does alleging a violation of 18 U.S.C. § 2724(a) which provides that "[a] person who knowingly obtains, discloses, or uses an individual's personal information from a motor vehicle record for a purpose not permitted is liable to the individual."  *Id.* at 576 (quoting 28 U.S.C. § 2724(a)).  During discovery, the plaintiff learned the identity of the officer who had accessed the plaintiff's information and moved to amend the complaint to substitute him for a John Doe defendant after the statute of limitations had expired.  *Id.* at 576.  The district court granted the motion and the officer then moved for summary judgment based on the statute of limitations.  *Id.* at 576.  The district court granted the officer's motion for summary judgment, concluding that the plaintiff's naming of "John Doe" in the original complaint, rather than the officer, was not a mistake. *Id.* at 576-77.

The plaintiff in *Heglund* appealed.  Although the Supreme Court in *Krupski* stated that the primary question in determining relation back under Rule 15(c)(1)(C) is what the prospective defendant "knew or should have known" about the plaintiff's claim against him, on appeal, the Eighth Circuit dismissed the prospective defendant's knowledge as inconsequential considering the plaintiff's deliberate decision to sue John Doe while knowing that he was not a proper defendant.  *See id.* at 581 ("Regardless of what . . . what [the prospective defendant] knew about whether the plaintiffs would like to have sued him, the [plaintiffs] did not make a 'mistake' in the ordinary sense of the word. . . .").  The *Heglund* court stated that the definition of "mistake" from

14

*Black's Law Dictionary* cited in *Krupski* "implies a lack of intentionality."  *Id.* at 580; *see also Gienapp v. Milbrandt*, Civ. No. 18-1014, 2020 WL 730396, at \*4 (J. Kornmann) (D.S.D. Feb. 13, 2020) ("The *Heglund* Court further explained that the difference between a true mistake within the meaning of Rule 15(c) and a lack of knowledge on the part of the plaintiff had to do with the purposefulness with which the plaintiff named the wrong party.")  The court in *Heglund* found that the inclusion of "John Doe" by the plaintiff was not an "intentional misidentification," "unintentional error," "inadvertent wrong action" and thus a "mistake," but was used by the plaintiff because, as the plaintiff had admitted, she lacked knowledge of the prospective defendant's identity.  *Id.* at 580.  The court held that the plaintiff "did not make a 'mistake' . . . when she intentionally sued 'John Doe' while knowing that he was not the proper defendant" and thus concluded that the plaintiff's claims did not relate back under Rule 15(c).  *Id.* at 581.

Although the South Dakota Supreme Court has not yet had an opportunity to review SDLC 15-6-15(c) in light of *Krupski* and *Heglund*, its decisions, and those of the federal district courts in this Circuit interpreting the identical Rule 15(c)(1)(C) post-*Krupski* are clear that a plaintiff's claims will not relate back when a plaintiff sues John Doe defendants with full knowledge that they were not liable for the conduct alleged.  In *Moore v. Michelin Tire Co.*, the plaintiff intentionally sued "Doe company" to represent the wheel manufacturer not yet identified in a products liability action.  603 N.W.2d 513, 516-17 (S.D. 1999).  The plaintiff in *Moore* would have known that any liability resulting from a defective wheel would not be borne by the tire manufacturer or automobile dealer who sold the van because a wheel was not part of the original equipment of the van.  *See id.* at 517.  Accordingly, when the plaintiff in *Moore* sued "Doe company" to represent the wheel manufacturer yet to be identified, it knew that this fictitious defendant was not the correct defendant.[5]  In *Heglund*, the plaintiff's claim was against an

---

[5] The South Dakota Supreme Court has also held that a plaintiff's failure to identify and name a defendant before the statute of limitations has run also does not constitute a "mistake" for relation-back purposes.  *See Hedel-Ostrowski v. City of Spearfish*, 679 N.W.2d 491 (S.D. 2004).  In *Hedel-Ostrowski*, the plaintiff sought to add the head of the City Parks and Recreation as a defendant in an action seeking to recover for injuries she sustained when a swing in the City park broke.  *Id.* at 493.  In her original complaint, the plaintiff had named the City, Miracle Recreation Company, Playpower, Inc., and Cameron Holdings Corp. as defendants.  The South Dakota Supreme Court held that the plaintiff's prospective negligence claim against the head of the City Parks and Recreation was time-barred.  *Id.* at 495-96.  The court stated that the relation-back rule cannot be used "to add a defendant who the plaintiff simply failed to identify as a potential defendant before the running of the statute of limitations."  *Id.* at 496.

This Court need not determine at this time how the South Dakota Supreme Court would interpret these facts in light of the *Krupski* Court's instruction that it is the defendant's knowledge, rather than that plaintiff's knowledge that is the focus of a court's relation-back analysis.  Under *Moore*, *Krupski* and *Heglund*, relation-back

15

individual who "knowingly obtain[ed], disclose[d], or use[d] an individual's personal information from a motor vehicle record for a purpose not permitted." 871 F.3d at 576 (quoting 28 U.S.C. § 2724(a)). As in *Moore*, the plaintiff in *Heglund* knew that the defendant not yet identified, rather than the Jane and John Doe defendants named in the original complaint, were the correct defendants. Similarly in *Gienapp v. Milbrandt*, the plaintiff knew that the medical staff not yet identified, rather than the named John/Jane Doe Medical staff named in her original complaint were liable in her medical negligence action. *Gienapp*, 2020 WL 730396 at *4.

It is clear that under *Krupski*, *Heglund*, and *Moore* that Plaintiff's claim against Lloyd Construction will not relate back if she sued the John Doe defendants with full knowledge that they were not the correct defendants. As the Supreme Court stated in *Krupski*, "[w]e agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning another party's identity." 560 U.S. at 549. In *Heglund*, the court stated that the plaintiff did not make a "mistake" when she deliberately sued John Doe while knowing that he was not the proper defendant. 871 F.3d at 581; *see also Gienapp*, 2020 WL 730396 at *4.

In the present case, Plaintiff seeks to sue all defendants, both named and fictitious, who are responsible for the following range of conduct—the negligent "selection, placement, installation, maintenance, and management of the sliding glass barn door in the hotel room," the failure to remedy and warn Plaintiff of the dangerous condition of the door, and failure to exercise due care in the maintenance of the hotel room and in keeping the hotel room in a reasonably safe condition. Doc. 1, ¶ 8. In her initial complaint, Plaintiff sued Hilton Worldwide, Inc., the alleged corporate owner of Hilton Garden Inn Sioux Falls; River Greenway Hospitality, LLC, doing business as Hilton Garden Inn; and Main and Main, LLC, the alleged property manager of the Hilton Garden Inn. Looking at Plaintiff's initial complaint, and drawing on the Court's judicial experience and common sense, the Court can say as a matter of law that at the time Plaintiff sued the hotel, its corporate owners, and the property management company, she had full knowledge that these entities were not responsible for the installation of the door which Plaintiff's expert now claims is the cause of her injuries. After all, neither the hotel, its corporate owners, or the property

---

will be precluded when a plaintiff, such as Plaintiff in this case, sues a defendant with full knowledge that such defendant is not the proper party.

management company are general contractors or construction companies, nor are they alleged to have constructed the Hilton Garden Inn or installed the glass door at issue in this case. This is not a case like *Krupski* where the plaintiff genuinely believed that the named defendants were liable for the alleged conduct in the complaint. The limitations period expired on August 28, 2018, and Plaintiff may not now substitute Lloyd Construction for the fictious defendants allegedly liable for the negligent installation of the glass door at issue in this case.

Because Plaintiff has not satisfied the third prong of SDCL 15-6-15(c), her claims against Lloyd Construction do not relate back and are now time-barred. Accordingly, it is hereby ORDERED that Plaintiff's Motion to Amend is DENIED on the basis of futility.

Dated this 30th day of November, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____